■ In the Matter of CORA L. LONARDO, Petitioner, v HENRY BERGER, as Commissioner of the Department of Parks, Recreation and Cultural Affairs of the Town of Islip, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent commissioner, dated July 27, 1978 and made after a hearing, which (1) found petitioner guilty of certain charges filed against her and (2) dismissed her from her position. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. No opinion. Titone, J. P., Margett and Hawkins, JJ., concur; Suozzi, J., concurs insofar as the majority has confirmed the respondent commissioner's finding of guilt with respect to Charges Nos. 2, 3, 4 and 5 but otherwise dissents and votes to annul the finding of guilt as to Charge No. 1 and to reduce the punishment imposed from dismissal to a three-month suspension, with the following memorandum: Petitioner, an employee of the Town of Islip's Department of Parks, Recreation and Cultural Affairs, was terminated from her employment by the respondent commissioner after having been found guilty by a hearing officer of the following five charges: "(1) That on March 21, 1975, at a meeting with a superior, petitioner produced a tape recorder and refused to engage in a discussion of official business unless the conversation was electronically recorded; (2) That in early February, 1975, petitioner refused to review certain claim vouchers for confirmation of their validity; (3) That contrary to an order from her superior, petitioner employed a psychologist to observe one or more children in a prekindergarten program and to thereafter write one or more reports concerning the child or children; (4) That contrary to a specific directive from the respondent commissioner, petitioner submitted an overtime sheet containing a request for three hours of overtime pay for attending a meeting of a professional society or organization on June 13, 1974 without approval of her superior; and (5) That on April 30, 1974, February 25, 1975 and February 26, 1975 petitioner left work to attend to union matters without giving prior notice to her department head as provided for in the contract between the employee's union and the respondent Town of Islip." Although there was substantial evidence in the record to sustain a finding of guilt with respect to Charges Nos. 2, 4 and 5, it is also apparent, and the hearing examiner so found, that Charges Nos. 2, 4 and 5 were "not per se serious and major violations" and that only the combination of these minor violations with the "serious nature of the first and third charges" led him to recommend that the respondent commissioner take "such disciplinary action as he sees fit". With regard to the charge relating to petitioner's refusal to discuss office matters, i.e., verification of claim vouchers for bus rentals arranged by petitioner, without making an electronic tape thereof, petitioner testified that her conduct was caused by fear of a conspiracy among her superiors and certain coworkers to embarrass her and have her dismissed. Indeed, there was no indication that petitioner was unwilling to discuss these office matters with her superior. Her only desire was to tape the conversation, an act which was not prohibited by any rule or regulation. Under these circumstances, it is my view that it was the refusal of petitioner's superior to allow the taping, rather than petitioner's demand to tape the conversation, which was arbitrary. With regard to the charge that, contrary to a directive from her superior, petitioner employed a psychologist

to observe one or more children in a prekindergarten program, the record indicates that only one child had been observed. Moreover, petitioner's role in this incident consisted of her request for the observation, which request was complied with by the town's director of the exceptional children's program, who had access to the services of a psychologist and helped arrange for that psychologist to observe the child. In this entire context, I find the penalty imposed, i.e., termination from employment, as "shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). Accordingly, the penalty imposed should be reduced to a three-month suspension.